IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES RAY ANDREWS, JR, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:15-CV-0138-L-BK |
| § | | |
| GREEN OAKS, Medical City, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On January 15, 2015, Plaintiff filed a *pro se* complaint against Defendant Green Oaks/Medical City along with a motion to proceed *in forma pauperis*, which were automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

The complaint reads in its entirety:

2 nurses injected me with 3 needles on September 5, 2015, saying I'm sorry to me. One they said was Benadryl the other two were for someone undergoing surgery. So they don't remember the surgery. The question is why are they giving me these drugs?

[Doc. 3 at 1]. On the Civil Cover sheet, although instructed to "Place an 'X' in One Box Only" to indicate the nature of suit, Plaintiff selected four. [Doc. 3 at 2].

**II. ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief

may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's claims/assertions are legally and factually frivolous. Because Plaintiff's contentions are clearly baseless, the complaint should be dismissed with prejudice as frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, . . . [g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"). Here, Plaintiff's claims are fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. SANCTION

Plaintiff is on a filing spree. Since January 12, 2015, he has filed at least 17 actions, which for the most part lack any legal or factual basis. *See Andrews v. Cheney*, 3:15-cv-0081-D-BK (N.D. Tex. 2015) (pending review of magistrate judge's recommendation that case be

dismissed as factually frivolous because Plaintiff's allegations are fantastic and delusional); *Andrews v. State of Texas*, 3:15-cv-00109-L-BK (N.D. Tex. 2015) (pending review of magistrate judge's recommendation that case be dismissed as legally and factually frivolous and that Plaintiff be warned that sanctions will be imposed if he persists filing frivolous cases).  In November 2014, he filed three additional actions, which also raised claims presenting no legal or factual basis.

Since Plaintiff persists in filing frivolous actions, he should be barred from filing future *in forma pauperis* actions in this Court unless accompanied by a motion for leave to file.  *See* FED. R. CIV. P. 11(b)(2) and (c)(1); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993) (Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority.").

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B), and that Plaintiff be **BARRED** from filing future *in forma pauperis* actions in this Court without first seeking leave to file.

SIGNED January 20, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* [28 U.S.C. § 636(b)(1)](#); [FED. R. CIV. P. 72(b)](#).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See [Douglass v. United Services Automobile Ass'n,](#)* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE